UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



FILED
NOV 16 2015
SUSAN Y. SOONG
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

In re: Application Pursuant to 28 U.S.C. § 1782 of RUSSELL KNAGGS,

Petitioner,

- to take discovery of -

Yahoo! Inc.,

Respondent.

Case No. CV 15 80281 MISC. PSG

BY FAX

**MEMORANDUM OF LAW IN SUPPORT OF RUSSEL KNAGGS' APPLICATION FOR ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C.§ 1782; DECLARATION OF SUKHDEV THUMBER IN SUPPORT THEREOF.**

### I.   INTRODUCTION

Russell Knaggs ("Mr. Knaggs" or "Petitioner") respectfully submits this memorandum of law in support of his application pursuant to 28 U.S.C. 1782 ("Section 1782") for an order directing Yahoo! Inc. ("Yahoo!") to produce Sonja Durnin, Global Compliance Director; Naryan Dash, Director Engineering; and David Sprigg, Back-End Mail Principal Engineer, for depositions in Mr. Knaggs' appeal of his criminal conviction in the United Kingdom.

In 2012, Petitioner was convicted in the United Kingdom of a conspiracy to supply controlled substances into the UK and his case is pending before the Court of Appeal in London. Petitioner's conviction was based on evidence obtained from Yahoo! regarding a Yahoo! email account through which prosecutors alleged that Petitioner's five accused co-conspirators communicated. The Court of Appeal in the UK has approved Petitioner's bid to pursue an appeal

based on questions regarding the Yahoo!-originated evidence, including whether its production and disclosure violated and/or circumvented British law. Specifically, whether Yahoo! engaged in any real-time monitoring and/or bulk data gathering of Petitioner's electronic communications. The testimony Petitioner seeks from Yahoo! would be admissible in the UK Proceeding in furtherance of Petitioner's appeal. Petitioner seeks to depose Yahoo! representatives about relevant Yahoo! storage and retention policies as well as how Yahoo! collected and produced the evidence at issue in this matter.

Petitioner is amenable to limiting the examination to a single day of questioning at a location within 25 miles of Yahoo!'s headquarters in Sunnyvale, California. Additionally, Petitioner has identified specific Yahoo! employees who appear best placed to deal with all the technical and procedural issues to which this application relates. Petitioner anticipates that the scope of the examination will be limited to the topics on which Yahoo! has previously provided information to the UK prosecution in the case. Petitioner also includes a specific list of examination topics below and in the Proposed Order filed concurrently herewith.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A. Petitioner's UK Trial and Conviction

Petitioner is a British national who is currently incarcerated in HMP Whitemoor, a men's prison in Cambridgeshire, England. Since 2002, Mr. Knaggs had been serving a 16-year sentence for conspiracy to supply controlled substances into the UK [See Declaration of Suki Thumber ("Thumber Decl.") at ¶ 2.] In 2010, following Petitioner's release from prison, he was charged with conspiracy to import drugs to the UK. [Id. at ¶ 3.] The trial against Petitioner on these charges began in September 2011 and lasted five months. [Id. at ¶ 4.] The evidence presented by the Crown at trial included substantial amounts of evidence obtained from Yahoo! regarding a Yahoo! email account through which the Crown alleged that that the co-conspirators communicated about the conspiracy by viewing drafts of emails in a single account, as opposed to sending emails to one another. [Id.]

In February 2012, Petitioner was convicted, based in part on the evidence that the prosecution obtained from Yahoo!. [Id. at ¶ 5.] He received a 20-year sentence. [Id.] Petitioner lodged grounds of appeal with the Royal Courts of Justice, London, in March 2012. [Id. at ¶ 6.]

**B. Petitioner's Failed Efforts to Informally Obtain the Information Sought From Yahoo!**

Throughout the prosecution of Mr. Knaggs, Crown prosecutors obtained uncontested discovery from Yahoo! through formal and informal means. For example, the Serious & Organised Crime Agency ("SOCA") in the UK sought a preservation request from Yahoo! on September 30, 2009. [Id. at ¶ 7.] Thereafter, on February 8, 2010, the Crown Prosecution Service ("CPS") issued a letter of request ("LOR") to the Office of International Affairs, of the U.S. Department of Justice, in Washington DC pursuant to the provisions of the Treaty of Mutual Legal Assistance in Criminal Matters. [Id. at ¶ 8.] In response, the FBI served a search warrant on Yahoo! on April 19, 2010. [Id. at ¶ 9.] The CPS issued two subsequent letters of request on February 10, 2011 and again on April 4, 2014. [Id. at ¶ 10.] In response to these requests, Yahoo! produced documents and custodian declarations that were used against Petitioner in the UK Proceeding. [Id. at ¶ 11.]

In contrast, Petitioner has been unsuccessful in his efforts to obtain information from Yahoo! for use in his defense. First, Petitioner submitted requests for information to the Crown Prosecution Service, which the CPS incorporated into its third letter or request forwarded to Yahoo! via the Competent Judicial Authorities. [Id. at ¶ 12.] Yahoo! responded with a custodian of records declaration that did not respond to or address the most critical issues identified in Petitioner's request. [Id. at ¶ 13.] Additionally, Petitioner attempted to informally obtain information from Yahoo! through direct requests to the Yahoo! board of directors and legal department, but those efforts also proved to be unsuccessful. [Id. at ¶ 14.] Most recently, on May 19, 2015, the Court of Appeal held a disclosure and directions hearing on outstanding disclosure issues. Prosecutors took the view that they had made extensive enquiries with U.S.

authorities but could not obtain any further relevant material that would assist. [Id. at ¶ 15.] The British court deferred to the prosecution on how to manage its own efforts to obtain evidence for the case. [Id. at ¶ 16.]

Before filing this application, Petitioner sought to obtain the depositions from Yahoo! voluntarily. [See Thumber Decl., at ¶ 22, Ex. A.] Yahoo! refused the request; it offered instead to provide an additional declaration. [Id. at ¶ 23.] Petitioner's counsel explained to Yahoo! that the reason for seeking depositions was, in part, to clarify inconsistencies and variances in previous statements. [Id.] Yahoo! also stated that it believed the three individuals identified may not be the most knowledgeable on the subject. [Id.] Petitioner's counsel expressed Petitioner's willingness to listen to reasonable alternative suggestions. [Id.] To date, Yahoo! has not agreed to provide depositions.

### C. Petitioner's Appeal

One of the grounds for Petitioner's appeal is that the lower court considered evidence that had been obtained in a manner that that has not been properly disclosed by the prosecution and which potentially violated and/or circumvented UK law. [Id. at ¶ 17.] Specifically, Petitioner is alleging that the information provided to the Crown by Yahoo! may have been the result of real-time monitoring and/or bulk data gathering by Yahoo! in compliance with US surveillance programs but potentially contrary to British law. [Id. at ¶ 18.] Petitioner has obtained leave of court to pursue these grounds of appeal, but he needs to conduct limited fact discovery to establish or disprove this basis for evidentiary suppression. [Id. at ¶ 19.] The UK court has indicated a final hearing in January or February, 2016. [Id. at ¶ 20.] The evidence sought will be admissible at that hearing and is necessary for Petitioner's appeal. [Id.]

In particular, Petitioner seeks to take the deposition of three Yahoo! employees: Sonja Durnin, Global Compliance Director; Naryan Dash, Director Engineering; and David Sprigg, Back-End Mail Principal Engineer. Consulting with his experts, Petitioner identified these individuals as having the requisite technical knowledge by virtue of their job specifications to

explain the relevant data gathering methods used by Yahoo! at issue in the UK appeal. [Id. at ¶ 21.] Petitioner seeks an order to depose the Yahoo witnesses on the following topics:

1. Any preservation requests from UK authorities regarding Mr. Knaggs or the email account at issue, including a request dated on or about September 30, 2009, and the actions Yahoo! took in response to such requests.

2. The contents of the "Statements of Michele Lai" sworn and executed by Ms. Lai on May 22, 2014 and July 1, 2015 and provided by Yahoo! to UK Prosecutors in Mr. Knaggs' case.[1] [See Thumber Decl., at ¶¶ 24-25, Exs. B and C.]

3. The contents of a "Business Records Declaration" by Yahoo! employee Julia Albert, sworn and executed on May 7, 2010, and provided by Yahoo! to UK Prosecutors in Mr. Knaggs' case. [See Thumber Decl., at ¶ 26, Ex. D.]

4. The contents of a "Witness Statement" of Emily Nick, Deputy Compliance Manager for Yahoo!, sworn and executed on October 27, 2011, and provided by Yahoo! to UK Prosecutors in Mr. Knaggs' case. [See Thumber Decl., at ¶ 27, Ex. E.]

5. The contents of a "Business Records Declaration" by Emily Nick, Deputy Compliance Manager for Yahoo!, sworn and executed on July 5, 2012, and provided by Yahoo! to Ms. Nancy Hollander, previous U.S. counsel for Mr. Knaggs. [See Thumber Decl., at ¶ 28, Ex. F.]

6. The information requests which the UK Prosecutors in Mr. Knaggs' case transmitted to Yahoo! by their letters of request dated February 8, 2010; February 10, 2011; and April 4, 2014, and the actions Yahoo! took in response to the requests. [See Thumber Decl., at ¶¶ 29-30 Exs. G and H.][2]

---

[1] Petitioner does not believe that Ms. Lai herself is an appropriate deposition target, as she disavows knowledge about the deletion process and timelines in her second declaration.
[2] Petitioner does not have the February 10, 2011 request and will ask Yahoo to provide it at the depositions.

III. **ARGUMENT**

A. **Mr. Knaggs' Application Meets All of the Statutory Requirements for Relief Pursuant to 28 U.S.C. § 1782**

Section 1782 of Title 28 authorizes federal courts to provide assistance in the evidence gathering efforts of foreign litigants and interested parties in support of foreign legal proceedings. See, 28 U.S.C. § 1782; see also, Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 262 (2004) (holding that § 1782 allows district court to grant discovery request by antitrust complainant before Commission of the European Communities); London v. Does 1-4, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming district court order requiring Yahoo! to provide § 1782 discovery in support of a UK divorce proceeding). Pursuant to this statute, a district court may authorize such discovery upon the application of a party with an interest in the foreign legal proceeding:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.

28 U.S.C. 1782. The factors this Court should consider in weighing an application for such discovery are whether: "(1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or 'any interested person'." In re Republic of Ecuador, No. C-10-80225, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010). See also Intel, 542 U.S. at 255. Mr. Knaggs' application meets these requirements.

### 1. Mr. Knaggs Is An "Interested Party"

Mr. Knaggs in an "interested party" in the UK Proceeding as that term is understood in the Section 1782 context. The Supreme Court has established that litigants in the relevant foreign proceeding are "interested parties" under the statue. Intel, 542 U.S. at 256; see also Akebia Therapeutics, Inc. v. FibroGen, Inc., No. 15-15274, 2015 WL 4284817, at *2 (9th Cir. July 16, 2015) ("Akebia is a party to the foreign proceedings underlying this case" and therefore "has a 'reasonable interest' in obtaining judicial assistance and, therefore, may apply for judicial assistance pursuant to § 1782"). In fact, as the Intel Court noted, such litigants "may be the most common example of, the 'interested person' who may invoke § 1782." Intel, 542 U.S. at 256. Accordingly, Mr. Knaggs—as the defendant in the UK proceeding—is an "interested party" within the meaning of Section 1782.

### 2. Discovery Sought Is "For Use In" A Foreign Tribunal

The deposition testimony Mr. Knaggs seeks from Yahoo! is "for use in" the UK Proceeding. The "for use in" provision "mirrors the requirements in Federal Rule of Civil Procedure 26(b)(1) and [refers to] discovery that is relevant to the claim or defense of any party, or for good cause, any matter relevant to the subject matter involved in the foreign action." In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil, 466 F. Supp. 2d 1020, 1029 (N.D. Ill. 2006). The "for use in" provision does not require "an applicant to show that discovery is reasonably calculated to lead to evidence admissible in the foreign proceeding." Id. Indeed, the discovery sought pursuant to Section 1782 need not be admissible or even discoverable in the foreign tribunal. Id. ("'for use in' does not have a foreign-discoverability nor a foreign admissibility requirement"); see also Intel, 542 U.S. at 261 ("nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there"). Moreover, in considering Section 1782 applications, courts have stressed the need to keep in mind the "twin aims of the statute: providing efficient means of assistance to participants in international

litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts ..." In re Application for an Order Permitting Metallgesellschaft AG to take Discovery, 121 F.3d 77, 79 (2d Cir. 1997) (internal quotations omitted).

The deposition testimony Mr. Knaggs seeks from Yahoo! is relevant to the claims and defenses advanced in the UK Proceeding and ordering their production will further the "twin aims" of Section 1782. As noted above, evidence produced by Yahoo! was pivotal to the prosecution case against Petitioner during his trial. Accordingly, in his appeal, Petitioner seeks to challenge and impugn that evidence and/or to proffer additional evidence challenging the inferences and conclusions drawn from the original evidence. The acquisition of such relevant evidence through the § 1782 process will demonstrate the utility of international discovery cooperation by making effective use of the statutory provision.

### 3. Yahoo! Resides And Can Be Found In The Northern District Of California

Yahoo! resides and can be found in the Northern District of California for purposes of Section 1782. In determining the location of an individual or entity from which discovery is sought pursuant to Section 1782, courts look to the place where the individual or entity resides. See Minatec Fin. S.A.R.L. v. SI Grp. Inc., No. CIV1:08CV269LEK/RFT, 2008 WL 3884374, at *4 (N.D.N.Y. Aug. 18, 2008) (N.D.N.Y Aug. 18, 2008) (finding discovery target "maintains its primary office within the Northern District of New York and obviously has been found within our jurisdiction"). A business is considered "found" within the district in which its headquarters are maintained. In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf, No. CIV.M19-88 BSJ, 2006 WL 3844464, at *4 (S.D.N.Y. Dec. 29, 2006).

Yahoo!'s principal place of business is in 701 First Avenue, Sunnyvale, California 94089. (Thumber Decl. at Exh. I). Petitioner therefore satisfies the third statutory element of Section 1782 because Yahoo! maintains its headquarters in the Northern District of California.

B. **The Discretionary Factors Weigh In Favor of Granting Mr. Knaggs' Application.**

If an applicant has met Section 1782's statutory requirements it is within the court's discretion to order the sought-after discovery. Intel, 542 U.S. at 255; see also Matter of Action & Prot. Found., No. 14CV80076MISCEMC(LB), 2015 WL 1906984, at *6 (N.D. Cal. Apr. 27, 2015). The Court's discretion must be exercised in light of the "twin aims" of the statute described above. Intel, 542 U.S. at 252. In deciding to exercise its discretion, courts consider: (i) whether the person from whom discovery is sought is a participant in the relevant foreign proceeding who is subject to discovery in that jurisdiction; (ii) the nature of the foreign tribunal, the character of the proceedings underway, and the receptivity of the foreign government, court or agency to federal-court judicial assistance, (iii) whether the Section 1782 application conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States; and (iv) whether the discovery requests are unduly intrusive or burdensome. Matter of Action & Prot. Found., 2015 WL 1906984, at *6 (citing Intel, 542 U.S. at 264-65). Application of those discretionary criteria here weighs in favor of granting Mr. Knaggs' application.

1. **Yahoo! Is Not A Participant In The UK Proceeding**

Yahoo! is not a participant in the UK Proceeding, which weighs in favor of Mr. Knaggs' application. See In re ex parte Lee-Shim, No. 513MC80199LHKPSG, 2013 WL 5568713, at *2 (N.D. Cal. Oct. 9, 2013) ("In the instant case, Yahoo! is not a party in the foreign proceeding. Further, Yahoo! is not a company resident in ... the UK and, therefore, the requested information does not appear within the immediate reach of [the foreign tribunal]. This factor weighs in [applicant's] favor"). The need for Section 1782 discovery is more compelling when the target for the discovery is not a participant in the foreign proceeding. Intel, 542 U.S. at 264. This discretionary factor recognizes that nonparties to a foreign proceeding, especially nonparties that are not found in the jurisdiction of the foreign proceeding, are often difficult for those

proceedings to reach directly. See In Matter of Application of Action & Prot. Found. Daniel Bodnar, No. C1480076MISCEMCLB, 2014 WL 2795832, at *4 (N.D. Cal. June 19, 2014).

Because Yahoo! is not a participant in the UK Proceeding, the participants have previously had to resort to foreign discovery devices to obtain information from Yahoo! In particular, as detailed above, the Crown Prosecution Service has obtained information from Yahoo! by submitting letters of request to U.S. authorities without apparent opposition from Yahoo!. Accordingly, Petitioner seeks to avail himself of international discovery mechanisms to obtain information held by Yahoo! that is clearly relevant to the case as attested to by the use of similar information that the prosecution obtained from Yahoo! In short, it is appropriate for this court to exercise its discretion in favor of Mr. Knaggs' application because Yahoo! is a non-party with respect to the UK Proceeding. In particular, taking the requested depositions will allow Petitioner to clarify and test the assertions contained prior declarations and to ask follow-up questions based on the witnesses' answers.

2. **The UK Courts Are Receptive To Section 1782 Discovery**

The second discretionary factor supports Mr. Knaggs' application because United Kingdom courts are receptive to Section 1782 discovery and Mr. Knaggs is not attempting to circumvent any English proof-gathering restrictions. As noted above, the UK Proceeding was initiated in Royal Courts of Justice and is currently pending in the Court of Appeal in London. British courts are receptive to Section 1782 discovery. See In re Ex Parte Application of Global Energy Horizons Corp., No. 5:15-MC-80078-PSG, 2015 WL 1325758, at *2 (N.D. Cal. Mar. 24, 2015) (finding that receptiveness of English courts weighs in favor of application); La Suisse, Societe d'Assurances Sur La Vie v. Kraus, 62 F. Supp. 3d 358, 362 (S.D.N.Y. 2014) ("U.K. courts are permitted to use foreign discovery devices to gather evidence"); Interbrew Cent. European Holding BV v. Molson Coors Brewing Co., No. 13-CV-02096-MSK-KLM, 2013 WL 5567504, at *2 (D. Colo. Oct. 9, 2013) ("English courts historically have been receptive to

federal-court assistance under section 1782"). Accordingly, the UK Proceeding is well-suited to receive the testimony that Mr. Knaggs seeks to obtain from Yahoo! via this application.

Courts customarily do not find a foreign tribunal to be unreceptive to judicial assistance from the United States unless there is authoritative proof from the foreign tribunal that it would reject evidence obtained through Section 1782. In re Euromepa SA., 51 F.3d 1095, 1101 (2d Cir. 1995); see also In re Application of Microsoft Corp., No. 06-10061-MLW, 2006 WL 1344091, at *4 (D. Mass. Apr. 17, 2006) (quashing § 1782 subpoena because "it [was] made vividly clear that the Commission [did] not want the aid of this court"). Here, there is no authority suggesting that the government of the United Kingdom would be unreceptive to discovery obtained through a Section 1782 application. See, e.g., In re Guy, 2004 WL 1857580, at *2 (finding no reason to believe that "the government of the United Kingdom would disfavor granting Applicants relief under § 1782.") Quite the contrary, the House of Lords, the then highest court of the United Kingdom, declared that even "nondiscoverability under English law did not stand in the way of a litigant in English proceedings seeking assistance in the United States under § 1782." Intel, 542 U.S. at 262 (citing South Carolina Ins. Co. v. Assurantie Maatschappij "De Zeven Provincien" NV., [1987] 1 A.C. 24.) Simply put, because the United Kingdom is receptive to judicial assistance from the United States under Section 1782, the second discretionary factor weighs in Mr. Knaggs' favor.

### 3. Mr. Knaggs is Not Attempting To Circumvent Any English Proof Gathering Restrictions

In assessing the third discretionary factor, courts consider whether an applicant's Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies. See Matter of Action & Prot. Found., 2015 WL 1906984, at *7 (where "[n]othing suggests an attempt to evade foreign proof gathering restrictions or engage in a fishing expedition designed for use in different proceedings[, t]his factor also supports allowing the subpoenas"). Absent bad faith on the part of a Section 1782 applicant, courts will not weigh this factor against

granting the discovery sought. In re Gemeinshcaftspraxis, 2006 WL 3844464, at *7. Moreover, litigants are not required to seek discovery through the foreign tribunal prior to seeking it from the district court. Id. (citing In re Euromepa, 51 F.3d at 1098). The London court hearing the UK Proceeding has taken no action to preclude Mr. Knaggs from seeking documents and testimony from Yahoo!. Moreover, Mr. Knaggs was not required to seek such discovery in London before making the instant application. And as noted supra, the English courts are receptive to Section 1782 discovery. Finally, Mr. Knaggs' own direct attempts to obtain the materials previously from Yahoo! militate in his favor in this regard. See In re Application for Appointment of a Comm'r re Request for Judicial Assistance for the Issuance of Subpoena Pursuant to 28 U.S.C. 1782, No. C 11-80136 RS MEJ, 2011 WL 2747302, at *5 (N.D. Cal. July 13, 2011) (applicant's prior requests and target's denials favored applicant as to this factor).

In sum, the instant application is not an attempt by Mr. Knaggs to circumvent English discovery restrictions. Accordingly, the third discretionary factor favors Mr. Knaggs.

### 4. The Discovery Mr. Knaggs Seeks Is Not Unduly Intrusive Or Burdensome

The deposition testimony sought from Yahoo! is not unduly intrusive or burdensome. "This factor directs the court to look at the requests in the aggregate to decide whether they are unduly intrusive or burdensome." Fleischmann, 466 F. Supp. 2d at 1032. (emphasis added). Courts simply look to whether the requests are "sufficiently tailored to the litigation issues for which production is sought." In re Gemeinshcaftpraxis, 2006 WL 3844464, at *8; see also Fleischmann, 466 F. Supp. 2d at 1033 (finding materials sought were relevant to claims and defenses and could be collected without undue burden.); In re ex parte Application of Ontario Principals' Council, No. 513MC80237LHKPSG, 2013 WL 6073517, at *3 (N.D. Cal. Nov. 8, 2013) (requests for information relating to email accounts held not burdensome). The information Mr. Knaggs seeks, as discussed supra, are relevant to Mr. Knaggs' defense in the UK Proceeding. (See supra, § I, B.) In fact, the depositions sought cover the same subject matter as

previous statements provided by Yahoo! to the prosecution. Thus, the fourth discretionary factor weighs in Mr. Knaggs' favor. Petitioner agrees to limit each deposition to one day of examination at a mutually convenient date and time to be worked amongst the parties and at a location within 25 miles of Yahoo!'s headquarters in Sunnyvale, CA.

For all of the reasons set forth above, Mr. Knaggs' Section 1782 application satisfies both the relevant statutory and discretionary factors and should be granted.

## IV.    CONCLUSION AND PRAYER

For the foregoing reasons, Mr. Knaggs respectfully requests that this Court grant Mr. Knaggs' application and enter Mr. Knaggs' proposed order directing Yahoo! to produce Sonja Durnin, Global Compliance Director; Naryan Dash, Director Engineering; and David Sprigg, Back-End Mail Principal Engineer, for depositions in the UK Proceeding, as set forth in the accompanying subpoenas.

Dated: November 13, 2015

By: /s/ *signature*
Carlos X. Colorado
California Bar Number: 231031
EAGAN AVENATTI, LLP
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
E-Mail:      ccolorado@eaganavenatti.com
Telephone:   949-706-7000
Facsimile:   949-706-7050
**COUNSEL FOR PETITIONER**

## DECLARATION OF SUKHDEV THUMBER

I, Sukhdev Thumber, declare as follows:

1. I am a solicitor representing Petitioner Russell Knaggs in the UK proceedings. I submit this affidavit in support of Mr. Knaggs' Application for Order to Take Discovery Pursuant to 28 U.S.C. § 1782. I have personal knowledge of the facts set forth herein, unless stated on information and belief, and if called as a witness, I would testify to these facts.

2. Mr. Knaggs is a British national who is currently incarcerated in HMP Whitemoor, a men's prison in Cambridgeshire, England. Since 2002, he had been serving a 16-year sentence for conspiracy to import controlled substances into the UK.

3. In 2010, following Mr. Knaggs' release from prison, he was charged with conspiracy to import drugs to the UK from within prison.

4. The trial against him on these charges began in September 2011 and lasted five months. The evidence presented by the Crown at trial included substantial amounts of evidence obtained from Yahoo! regarding a Yahoo! email account through which the Crown alleged that the co-conspirators of Mr. Knaggs communicated about the conspiracy by viewing drafts of emails in a single account, as opposed to sending emails to one another.

5. In February 2012, Petitioner was convicted, based in part on the evidence that the prosecution obtained from Yahoo!. He received a 20-year sentence.

6. Petitioner lodged grounds of appeal with the Royal Courts of Justice, London, in March 2012.

7. Throughout the prosecution of Mr. Knaggs, Crown prosecutors obtained discovery from Yahoo! through formal and informal means. For example, the Serious & Organised Crime Agency ("SOCA") in the UK sought a preservation request from Yahoo! on September 30, 2009.

8.   Thereafter, on February 8, 2010, the Crown Prosecution Service ("CPS") issued a letter of request ("LOR") to the Office of International Affairs, of the U.S. Department of Justice, in Washington DC pursuant to the provisions of the Treaty of Mutual Legal Assistance in Criminal Matters.

9.   In response, the FBI served a search warrant on Yahoo! on April 19, 2010.

10.   The CPS issued two subsequent letters of request on February 10, 2011 and again on April 4, 2014.

11.   In response to these requests, Yahoo! produced documents and custodian declarations that were used against Petitioner in the UK Proceeding.

12.   Mr. Knaggs submitted requests for information to the Crown Prosecution Service, which the CPS incorporated into its third letter of request forwarded to Yahoo! via the Competent Judicial Authorities.

13.   Yahoo! responded with a custodian of records declaration that did not respond to or address the most critical issues identified in Petitioner's request.

14.   Additionally, I attempted to informally obtain information from Yahoo! through direct requests to the Yahoo! board of directors and legal department on behalf of Mr. Knaggs, but those efforts also proved to be unsuccessful.

15.   Most recently, on May 19, 2015, the Court of Appeal held a disclosure and directions hearing on outstanding disclosure issues. Prosecutors took the view that they had made extensive enquiries with U.S. authorities but there was no further relevant material that would assist.

16.   The British court deferred to the prosecution on how to manage its own efforts to obtain evidence for the case.

17.   One of the grounds for Petitioner's appeal is that the lower court considered evidence that had been obtained in a manner that that has not been properly disclosed by the prosecution and which potentially violated and/or circumvented UK law.

18. Specifically, Petitioner is alleging that the information provided to the Crown by Yahoo! may have been the result of real-time monitoring and/or bulk data gathering by Yahoo! in compliance with US surveillance programs.

19. Petitioner has obtained leave of court to pursue these grounds of appeal, but he needs to conduct limited fact discovery to establish or disprove this defense.

20. The UK court has indicated a final hearing in January or February, 2016. The evidence sought will be admissible at that hearing and is necessary for Petitioner's appeal.

21. Mr. Knaggs and his experts have identified Sonja Durnin, Global Compliance Director; Naryan Dash, Director Engineering; and David Sprigg, Back-End Mail Principal Engineer as having the requisite technical knowledge by virtue of their job specifications.

22. Before filing this application, Petitioner sought to obtain the depositions from Yahoo! voluntarily. A true and correct copy of a letter sent by Mr. Knaggs' U.S. counsel Carlos Colorado to Yahoo! on October 21, 2015 is attached hereto as Exhibit A.

23. Yahoo! Senior Legal Director Rob Turner told Mr. Colorado in a telephone conversation on October 28, 2015 that Yahoo! refused the request. He offered instead to provide a further declaration. Mr. Colorado explained to Yahoo! that the reason for seeking depositions was, in part, to clarify inconsistencies and variances in previous statements. Mr. Turner further stated that he believed the three individuals identified in Mr. Colorado's October 21 letter may not be the most knowledgeable on the subject. Mr. Colorado told him that Mr. Knaggs would entertain reasonable alternative suggestions.

24. Attached hereto as Exhibit B is a true and correct copy of a Statement of Michele Lai sworn and executed by Ms. Lai on May 22, 2014 and provided by Yahoo! to UK Prosecutors in Mr. Knaggs' case.

25. Attached hereto as Exhibit C is a true and correct copy of a Statement of Michele Lai sworn and executed by Ms. Lai on July 1, 2015 and provided by Yahoo! to UK Prosecutors in Mr. Knaggs' case.

26. Attached hereto as Exhibit D is a true and correct copy of a "Business Records Declaration" by Yahoo! employee Julia Albert, sworn and executed on May 7, 2010, and provided by Yahoo! to UK Prosecutors in Mr. Knaggs' case.

27. Attached hereto as Exhibit E is a true and correct copy of a "Witness Statement" of Emily Nick, Deputy Compliance Manager for Yahoo!, sworn and executed on October 27, 2011, and provided by Yahoo! to UK Prosecutors in Mr. Knaggs' case.

28. Attached hereto as Exhibit F is a true and correct copy of a "Business Records Declaration" by Emily Nick, Deputy Compliance Manager for Yahoo!, sworn and executed on July 5, 2012, and provided by Yahoo! to Ms Nancy Hollander, previous U.S. counsel for Mr. Knaggs.

29. Attached hereto as Exhibit G is a true and correct copy of a letter of request from UK prosecutors to Yahoo! dated February 8, 2010.

30. Attached hereto as Exhibit H is a true and correct copy of a letter of request from UK prosecutors to Yahoo! dated April 4, 2014.

31. Attached hereto as Exhibit I is a true and correct copy of printouts from Yahoo!'s web site: (1) from https://info.yahoo.com/company, which states that "Yahoo is headquartered in Sunnyvale, California" and (2) from the downloadable Yahoo! public software license found at https://info.yahoo.com/legal/us/yahoo/publiclicense/publiclicense-1813.html, which states that Yahoo! is "a Delaware corporation having its principal place of business at 701 First Avenue, Sunnyvale, California 94089."

I declare under penalty of perjury under the laws of the United States and the United Kingdom that the foregoing is true and correct. Executed this 13th day of November 2015, in London, England.

SUKHDEV THUMBER