| | |
|---|---|
| 1 | Bart Huff (admitted *pro hac vice*) |
| | ZWILLGEN PLLC |
| 2 | 300 N. LaSalle Street, Suite 4925 |
| | Chicago, IL  60654 |
| 3 | Telephone:  (312) 685-2278 |
| | bart@zwillgen.com |
| 4 | |
| 5 | Nury Siekkinen (admitted *pro hac vice*) |
| | ZWILLGEN PLLC |
| 6 | 1900 M Street NW, Suite 250 |
| | Washington, DC  20036 |
| 7 | Telephone:  (202) 296-3585 |
| | nury@zwillgen.com |
| 8 | |
| 9 | Attorneys for Respondent OATH HOLDINGS, INC. |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Application Pursuant to 28 U.S.C. § 1782 of RUSSELL KNAGGS, | Case No.:   5:15-mc-80281-MEJ |
| | Judge:         Honorable Maria-Elena James |
| Petitioner, | |
| - to take discovery of - | **OATH HOLDINGS, INC.'S RESPONSE TO PETITIONER'S SUPPLEMENTAL BRIEF** |
| YAHOO INC., | |
| Respondent. | |

Pursuant to the Court's February 12, 2018 Order [Dkt 43], Respondent Oath Holdings, Inc., formerly known as Yahoo! Inc. ("Yahoo"), submits this Response to Petitioner Russell Knaggs's ("Knaggs") Supplemental Brief [Dkt. 44].

## I. BACKGROUND

On July 20, 2016, following months of written discovery, this Court partially granted Knaggs's Motion to Compel and required Yahoo to produce documents and testimony on a few limited topics. [Dkt. 27 at 15.] Yahoo and Knaggs submitted a Stipulated Protective Order, which this Court entered on August 26, 2016. [Dkt. 29.] Yahoo then produced additional documents and submitted to a Rule 30(b)(6) deposition. [Dkt. 30 and 31.] After the parties submitted status reports on September 30, 2016, (*see id.*,) Yahoo submitted its deposition transcript confidentiality designations to Knaggs's counsel on October 12, 2016. [Dkt. 33] Yahoo also made available for review by Knaggs's expert certain highly confidential source code, even though such production was not required. Knaggs's expert reviewed the source code on October 27, 2016. [*Id.*] Yahoo thus fully complied with, and indeed went beyond, its duties under the July 20 Order. After four months of silence from Knaggs, this Court ordered the parties to again update the Court on any remaining disputes. Pursuant to this Court's March 12, 2017 Order, [Dkt. 32], the parties summarized their disputes at that time in their Joint Status Report dated March 20, 2017 [Dkt. 33].

The progress in this matter since then, or lack thereof, was summarized by Yahoo in the parties' recent Joint Status Report and Yahoo will not rehash that history here. [Dkt. 42 at 6.] In the Joint Status Report, Knaggs revealed for the first time that he was ready to close these proceedings. However, he desired one last thing—the judicial removal of the entirety of Yahoo's carefully considered confidentiality designations in the deposition transcript of Yahoo's Rule 30(b)(6) witness. Knaggs effectively asked the Court to rescind the Protective Order. The Court ordered the parties to submit supplemental briefing on the matter. [Dkt. 43.]

**RESPONSE TO KNAGGS'S SUPPLEMENTAL BRIEF**

## II. ARGUMENT

### A. The Court Should Deny Knaggs's Request to Disregard the Protective Order Based on a Hypothetical Need for Yahoo's Confidential Information

In response to the Court's order to explain why he needs Yahoo's confidential information, Knaggs acknowledges that his U.K. appeal hearing has already taken place but claims that the material "is *relevant*" to "*any further appeal* of an adverse decision at the appellate court level to the Supreme Court of the United Kingdom" and "to *any request* for clarification or for further briefing that *may be requested* by the appellate court before rendering judgment." By his own admission, any supposed need for the full transcript is based on whether the U.K. criminal court rules against Knaggs or orders further briefing.[1] [*Id.*] These are future events *that may never occur*. The hypothetical future need for the full transcript, assuming for the moment there is such a compelling need, is not a sufficient basis for this Court to revoke its Stipulated Protective Order.[2] Yahoo's confidential information should not be endangered for mere speculation.

### B. Knaggs Has Failed to Articulate an Adequate Reason for Disclosure of the Confidential Testimony

More importantly, for all his protest, Knaggs has yet to give the Court a sufficient explanation of why Yahoo's confidential testimony is needed at all. The U.K. criminal court has not requested it. Rather, his one (hypothetical) need to reveal the unredacted transcript to U.K. persons is that he might one day have to use it to argue that his "expert" report was well-grounded. However, it is clear that Knaggs has had no trouble submitting his "expert's" opinion (admittedly based on his review of Yahoo's confidential information, including the unredacted deposition transcript) for consideration in the U.K. criminal court. [Dkt. 44 at 4 (noting that Knaggs submitted his "expert's" report and there was a dispute over its foundation).] Indeed, if the full, unredacted transcript had been so "crucial" for the U.K. criminal

---

[1] Knaggs contends that he will be "entitled" to appeal any adverse ruling to the Supreme Court of the U.K. [Dkt. 44 at 4.] However, even a cursory review of U.K. Supreme Court procedure reveals that Knaggs would have to seek leave to appeal first from the Court of Appeal or the U.K. Supreme Court before his case is heard by the U.K. Supreme Court. *See* https://www.supremecourt.uk/docs/a-guide-to-bringing-a-case-to-the-supreme-court.pdf ("An appeal to The Supreme Court from any order or judgment of the Court of Appeal in England and Wales or in Northern Ireland may only be brought with the permission of the Court of Appeal or of The Supreme Court."). Thus, any future need for the deposition transcript is even more remote than is apparent from Knaggs's account.

[2] Though Yahoo believes this matter has run its course and should be dismissed with prejudice, this Court should, at the very least, dismiss Knaggs's petition without prejudice and require Knaggs to come back to this Court for consideration of his purported need for the full transcript when that need eventually arises.

court's consideration of the "expert" report, it is curious that Knaggs did not previously seek relief from this Court or tell Yahoo about his need to present the confidential testimony. Knaggs never did either of those things until required by this Court to submit a status report, well after the U.K. hearing took place. This shows that Knaggs had no legitimate need of the unredacted transcript before the U.K. hearing, and has no such need now. Certainly, Knaggs has not specified any present need that outweighs Yahoo's right to keep its confidential information protected.

It bears repeating that **Knaggs has never challenged any specific confidentiality designation** in Mr. Dash's deposition transcript,[3] and is apparently trying to avoid "shoulder[ing] the burden" of disputing the designations. Instead of going through the process set forth in the Protective Order, Knaggs simply argues that Yahoo's "confidential" designations should be disregarded as "weak" because they were designated at the "lowest" level of protection instead of "highly confidential" or "source code" material. But, that is no reason to remove that protection. Indeed, it appears that Knaggs is seeking to punish Yahoo for being judicious in its designations. By Knaggs's own description, Yahoo designated as "confidential" testimony constituting, *inter alia*, "descriptions of the processes involved in Yahoo Mail and its relevant components, either by reference to the descriptive nomenclature for various functions or recounting their functionality in layman's terms only." [Dkt. 44 at 5.] In other words, Yahoo designated as "confidential" testimony containing sensitive and proprietary information that was, in fact, "confidential," and should be protected under the Protective Order as such.

### C. There Is No Possibility of an "Analogous Document" in the U.K. Court

Knaggs has known for over a year that Yahoo does not believe there is an effective form of an "analogous document" to the Stipulated Protective Order that would afford adequate protection to Yahoo's confidential information. [*See* Dkt. 31 at 5 *See also* Dkt. 33 at 8-10.] Indeed, Knaggs's own counsel represented to Yahoo that it would not be "realistic" to enter an order in the U.K. proceeding that mirrored the confidentiality protections mandated by this Court. [Dkt. 31 at 5.] Since that time, Knaggs has failed to suggest any other mechanism to enforce Yahoo's legitimate interest in protecting

---

[3] Indeed, Knaggs concedes that all of Yahoo's confidentiality designations were properly made under the Stipulated Protective Order. The substantial majority of Mr. Dash's 140-page deposition transcript is not designated confidential at all and may be disclosed to U.K. counsel at any time. Yahoo made careful and judicious designations of specific lines of testimony that merited protection under the Stipulated Protective Order.

its confidential information, presumably because there is no such thing. Based on consultations with its own U.K. counsel as well as communications with Knaggs's counsel, Yahoo understands that no form of order, agreement, or any other document would suffice because U.K. attorneys are under professional responsibilities requiring them to disclose all evidence to their clients and U.K criminal courts are not concerned with the confidentiality of third parties. [*Id.*] Now, Knaggs chides Yahoo for failing to get an "analogous document" in place. But Knaggs's counsel conceded that it was not "realistic" to do so. [Dkt. 31 at 5.] It is stunning that Knaggs now faults Yahoo for failing to do what his own counsel deemed to be impossible. Let it be clear: Yahoo has not failed to agree to an "analogous document" to put up a roadblock. Yahoo has not agreed to such a document because it does not exist.

Although Yahoo has informed Knaggs and the Court of this unfortunate development several times over the last 18 months [Dkt. 31 at 5, Dkt. 33 at 8-10, Dkt. 42 at 8], Knaggs has neither proposed an alternative solution nor asked the Court to opine on this matter. Contrary to Knaggs's assertion, the Court has not rejected Yahoo's (and Knaggs's) assertion that a protective order is not possible in the U.K. criminal court. Rather, the Court stated in July of 2016—before the Court and Yahoo understood the peculiarities of U.K. criminal court with respect to the confidentiality rights of third-parties—that discovery in Section 1782 proceedings generally need not be denied due solely to confidentiality concerns because similar protections are available in foreign courts. [Dkt. 44 at 5; Dkt. 27 at 14.] In that order, the Court noted that the protection of Yahoo's confidential information was "an issue easily remedied. In similar circumstances, courts have directed the parties to 'jointly seek a protective order in' both the United States and the country in which the main suit arose." [Dkt. 27 at 14.][4] That statement necessarily assumes the availability of similar confidentiality protections. When it made that statement, the Court did not know that confidentiality protections similar to a U.S. protective order are simply unavailable in the U.K. criminal court.[5] Thus, the crucial assumption upon which the Court relied in making that statement is not true, as Knaggs well knows.

---

[4] At the very least, Knaggs has taken the Court's general statement out of context.
[5] Knaggs faults Yahoo for agreeing to the Stipulated Protective Order in this Court before learning about the unique disregard of the U.K. criminal courts for confidential information. Yahoo, a U.S. corporation, cannot be charged with knowledge of the laws of foreign jurisdictions in a U.S. proceeding. As noted above, this Court was likewise unaware of the lack of protections for confidential information in U.K. criminal court.

Knaggs asserts that he does not want to publish Yahoo's confidential information, but wants only to allow himself and his U.K. counsel to read the protected portions. However, once those confidentiality protections are removed, neither Yahoo nor this Court (nor even Knaggs's counsel) would have any authority to prevent the dissemination of Yahoo's undeniably confidential information to others, including Yahoo's competitors or the press. In other words, turning such information over to Knaggs's U.K. counsel (or to Knaggs himself) would be no different than Knaggs publicly filing it in this Court, something that the Protective Order prohibits. Indeed, it appears that this is precisely what Knaggs wishes to do—he wants to "utilize" Yahoo's confidential material in the U.K. criminal court (at some future, undefined time), which would expose Yahoo's highly sensitive information regarding its mail processes. There is no basis to do so.

### III. CONCLUSION

After more than two years of discovery one thing has not changed in this case—***there is no evidence to support Knaggs's theory that his e-mail account was surveilled by the U.S. government or anyone else***. Now, at long last, Knaggs appears ready to give up the ghost. He still, however, insists on one more baseless demand: Yahoo must be stripped of the confidentiality protections to which Knaggs agreed so that he and his U.K. counsel may satisfy their curiosity. He makes this demand while conceding that Yahoo's confidentiality designations were proper. Moreover, Knaggs's Supplemental Brief makes clear that any purported need that he may have for the full, unredacted transcript is purely hypothetical. Nevertheless, he asks this Court to require Yahoo to reveal confidential information even though there is no way to ensure the confidentiality of Yahoo's protected information in the U.K. court system, a fact that Knaggs previously conceded. That request is improper, inappropriate, and untimely. It should be denied and Knaggs's Petition should be dismissed with prejudice.

Dated: March 5, 2018

ZWILLGEN PLLC

By: /s/ Nury A. Siekkinen
BART HUFF (*pro hac vice*)
NURY A. SIEKKINEN (*pro hac vice*)
Attorneys for Respondent
OATH HOLDINGS, INC.