UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL KNAGGS,<br>    Plaintiff,<br>v.<br>YAHOO! INC.,<br>    Defendant. | Case No. 15-mc-80281-MEJ<br><br>**ORDER RE: CONFIDENTIALITY DESIGNATIONS**<br><br>Re: Dkt. No. 42 |

Although Petitioner Russell Knaggs concedes this matter should be closed, he requests the Court order the release of the unredacted Narayan Dash deposition transcript to Petitioner and his United Kingdom counsel working on his appeal. Feb. 1, 2018 Status Report at 3, Dkt. No. 42. Respondent Yahoo! Inc.[1] opposes this request, arguing it would reveal information Yahoo designated as confidential to persons who are not subject to a protective order similar to the one entered in this litigation. *Id.* at 6-7; *see* Protective Order, Dkt. No. 29.

At this point, releasing the transcript is premature. A hearing on Petitioner's U.K. appeal took place in December 2017, and Petitioner is awaiting a decision. Pet. Suppl. Br. at 2, Dkt. No. 44; *id.* at ECF pp. 7-8 ("Colorado Decl.") ¶ 5. Petitioner represents he "is entitled to appeal an adverse decision to the Supreme Court of the United Kingdom." *Id.* (both). Petitioner further states the Dash deposition transcript would contain information "relevant to any request for clarification or for further briefing that may be requested by the appellate court before rendering judgment." Pet. Suppl. Br. at 3; Colorado Decl. ¶ 6.

Either scenario is nothing more than a mere possibility. First, Petitioner does not represent

---
[1] Now known as Oath Holdings.

that he intends to appeal an adverse decision to the Supreme Court of the United Kingdom, only that he is entitled to an appeal. Even if there is an appeal or request for supplemental briefing, Petitioner does not know at this juncture whether he will need to "prove up the sufficient foundation of the expert report" which was at issue during the appeal and is the reason for Petitioner's alleged need for the confidential information. Pet. Suppl. Br. at 3. Second, Petitioner does not explain why he believes the U.K. appellate court may request additional briefing; nor does he assert that that court would accept new evidence at that time. In short, Petitioner fails to show that further litigation is "within reasonable contemplation." *Intel Corp. v. Advanced Micro Devises, Inc.*, 542 U.S. 241, 259 (2004).

In light of these uncertainties and given that Petitioner and his U.K. counsel are not bound by any protective order, the Court declines to release the Dash deposition transcript to Petitioner and his U.K. counsel at this time.[2] Nothing in this Order prohibits Petitioner from raising this issue in a subsequent action if (1) the appellate court requests additional briefing, or Petitioner appeals to the Supreme Court of the United Kingdom; (2) Petitioner can demonstrate the confidential portions of the transcript are relevant to those proceedings; and (3) Petitioner and his U.K. counsel will agree to be bound by the terms of a protective order.

The Clerk of Court shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: March 19, 2018

MARIA-ELENA JAMES
United States Magistrate Judge

---

[2] Petitioner argues "[i]t beggars belief to imagine that the Court could order discovery in support of a foreign proceeding but not intend that the information produced would be made available to the Petitioner in that proceeding nor to his attorneys assisting him in that proceeding." Pet. Suppl. Br. at 5. To the extent Petitioner believed the redacted portions of the Dash transcript would aid him during his appeal, he did not move the Court to release them prior to the December 2017 hearing. *See* Docket. It was only after the Court ordered the parties to file a joint status report that Petitioner raised the issue – more than one month after the hearing took place. *See* Jan. 18, 2018 Status Order, Dkt. No. 40; Joint Status Report.